134 F.3d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Edward JIROVEC, Plaintiff-Appellant,
v.
Tana WOOD, Hal Snively, Larry Sutton, James Blodgett,
Defendants-Appellees
 No. 97-35293.
 United States Court of Appeals, Ninth Circuit.
 Submitted January 12, 1998**
Decided Jan. 16, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Washington state prisoner David E. Jirovec appeals pro se the district court's summary judgment dismissal of his 42 U.S.C. § 1983 action alleging prison officials violated his Eighth Amendment rights by subjecting him to secondhand smoke within the prison. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 Jirovec contends that the district court erred by entering summary judgment for defendants on Jirovec's claim that defendants were deliberately indifferent to the present and future threat to Jirovec's health posed by secondhand tobacco smoke. This contention lacks merit.
 
 
 4
 Defendants presented evidence that Jirovec was assigned to a nonsmoking cell during the period relevant to his suit, that Jirovec's complaints regarding smoking cellmates were promptly acted upon, and that the prison's ventilation system minimizes the risk of exposure to secondhand smoke. Because prison officials could reasonably have believed that their conduct was within the parameters of the Eighth Amendment, the district court did not err by granting summary judgment for defendants. See Pierce v. Multnomah County, 76 F.3d 1032, 1038 (9th Cir.), cert. denied, 117 S.Ct. 506 (1996).
 
 
 5
 Jirovec also contends that the district court erred by granting summary judgment before he had the opportunity to depose two witnesses, Gambone and Jantz. Because Jirovec failed to make a showing pursuant to Fed.R.Civ.P. 56(f) of how the additional depositions would preclude summary judgment, and why these depositions had not previously been taken, the district court did not err in granting summary judgment before Jirovec could depose Gambone and Jantz. See California Union Ins. Co. v. American Diversified Say. Bank, 914 F.2d 1271, 1278-79 (9th Cir.1990); Fed.R.Civ.P. 56(f).
 
 
 6
 Jirovec's motions to supplement the record and for appointment of counsel are denied.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Jirovec's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3